IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THERON GREGORY OWENS, TDCJ NO. 1734133, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-0293 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Theron Gregory Owens, has filed a federal petition for a writ of habeas corpus challenging a state court felony conviction. The petition will be dismissed as successive.

Owens's habeas petition challenges a felony conviction and life sentence for capital murder. State v. Owens, No. 1167769 (178th Dist. Ct., Harris County, Tex.). After being found guilty and sentenced, Owens filed an appeal arguing that the trial court erred in not suppressing his statements. He also argued that the trial court erred in denying his motion for mistrial. The Court of Appeals for the Fourteenth District of Texas affirmed the trial court's judgment. Owens v. State, No. 14-11-00676-CR, 2013 WL 1499574 (Tex. App.-Hous. [1st Dist.] 2013, pet. ref'd). Owens then filed a Petition for Discretionary Review (PDR), which the Texas Court of Criminal Appeals refused on August 21, 2013. Owens v. State, No. PD-0573-13. On January 13, 2014, the United States

Supreme Court denied Owens's Petition for a Writ of Certiorari. Owens v. Texas, 134 S.Ct. 952 (2014).

Owens asserts that he filed a state application for a writ of habeas corpus alleging that evidence was obtained and admitted in violation of his constitutional rights (Docket Entry No. 1, p. 4). He also alleged prosecutorial misconduct and false testimony. Id. Available records reflect that the Court of Criminal Appeals denied the application without a written order. Ex parte Owens, No. 82,050-01 (Tex. Crim. App. Sept. 24, 2014). See Texas Courts Website, http://www.search.txcourts.gov/.

On January 20, 2015, Owens filed a federal petition for a writ of habeas corpus challenging the same capital murder conviction and raising claims similar to those raised in the present habeas action. Owens v. Stephens, No. H-15-0173 (S.D. Tex.). The court issued an order directing the State to file a response to the petition, and the federal habeas petition is still pending before the court. Id.

This action is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which bars as a successive federal habeas challenges to a state court conviction. 28 U.S.C. § 2244(b). The primary purpose of this requirement is to prevent petitioners, such as Owens, from repeatedly attacking the same convictions and sentences. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Because of the prior federal petition, Owens must first obtain

permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3); <u>Propes v. Quarterman</u>, 573 F.3d 225, 229 (5th Cir. 2009). There is no indication that the Fifth Circuit has granted permission for Owens to file the current petition. Without such authorization, this action must be dismissed for lack of jurisdiction. <u>Hooker v. Sivley</u>, 187 F.3d 680, 681-82 (5th Cir. 1999). The dismissal is without prejudice to Owens seeking relief in Cause No. H-15-0173.

If Owens seeks to appeal the dismissal of his petition, he must first obtain a Certificate of Appealability (COA). <u>See</u> 28 U.S.C. § 2253; <u>Cardenas v. Thaler</u>, 651 F.3d 442, 443 (5th Cir. 2011). In order to obtain a COA, Owens must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1604 (2000). A COA will be denied because this action is clearly barred, and Owens has not made a substantial showing of the denial of a constitutional right. <u>See Resendiz v. Quarterman</u>, 454 F.3d 456 (5th Cir. 2006).

### Conclusion and Order

The court **ORDERS** the following:

1. This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED**, without prejudice.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A Certificate of Appealability is **DENIED**.

4.  The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas, Attention: Habeas Corpus Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

**SIGNED** at Houston, Texas, on this 5th day of February, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE